**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **YESSICA ELOHA MARTINEZ NUNEZ )** | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No:      26CV3320** |
| ) | |
| **UNITED STATES CITIZENSHIP AND** ) | |
| **IMMIGRATION SERVICES** ) | |
| **A/K/A "USCIS"** ) | |
| **Defendant** ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

Now comes the Plaintiff, YESSICA ELOHA MARTINEZ NUNEZ, by and through her attorney

Alexander Michael and hereby brings his complaint for mandamus relief against the United

States Citizenship and Immigration Services ("USCIS"). In support of this petition, Plaintiff

hereby states as follows:

### PARTIES

1. Plaintiff, YESSICA ELOHA MARTINEZ NUNEZ, ("YESSICA") is the Plaintiff in this

   case and a native of Uruguay.

2. YESSICA obtained conditional legal permanent residency (Greencard Status) in the

   United States on January 28, 2022 based on her marriage to her husband, a U.S. Citizen.

3. YESSICA and her husband have a U.S. Citizen daughter born on November 3, 2025.

4. Defendant, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

   ("USCIS") is a United States agency, charged with determining eligibility of immigration

   benefits, approving, denying, and otherwise adjudicating immigration related applications

   and various other Immigration related tasks.

## FACTUAL BACKGROUND

5. YESSICA applied through USCIS for form I-751 to remove the conditional status of her legal permanent residency in the United States.

6. YESSICA's A number or Alien number (A USCIS identifier for all immigration applicants) is A 219540835.

7. YESSICA filed her I-751 at first on or about October 19, 2023. USCIS rejected the application due to the payment being provided with two money orders instead of being submitted as one money order.

8. YESSICA re-filed her I-751 application and USCIS indicates that it was received on March 22, 2024.

9. USCIS issued a receipt number of IOE0924976068 for the application.

10. The application was filed and remains pending with USCIS.

11. The application has now been pending for over 2 years and is now well outside normal processing times.

12. YESSICA has NOT been interviewed by USCIS, a routine step in the adjudication of the application, even though the application has been pending for over 2 years.

13. This matter has already been unreasonably delayed and should not be delayed any further and USCIS should be ordered to adjudicate this application as quickly as possible.

14. That adjudicating such matters is within the ordinary course of business and scope of duties of USCIS.

15. The Instant Action for Mandamus arises from the fact that the Plaintiffs believe that the delay is occasioned by USCIS and that such delay stems from a failure to act or exercise their duty in these matters.

16. That such delay in adjudicating a routine application is unreasonable. The Plaintiffs seek an order to compel USCIS to act on this application and move it towards resolution/adjudication.

## JURISDICTION AND VENUE

17. This is a civil action brought pursuant to 28 U.S.C. §1361 which states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

18. The I-751 application is pending with the Chicago branch of the USCIS office. The Chicago USCIS Office is located in Chicago, IL and within the Northern District of Illinois.

19. Jurisdiction is further conferred under the federal question provision of 28 U.S.C. §1331, which states that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

20. Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §555 (b) and 702.

21. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

22. USCIS is subject to 5 U.S.C. §555 (b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (where the court held that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C.§1331. Furthermore, 5 U.S.C. §706(1) grants the power for

the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed".

## COUNT I: WRIT OF MANDAMUS

23. Plaintiff hereby restates and repleads Paragraphs 1-22 as though they were fully set forth herein in this paragraph.

24. YESSICA, as of March 24, 2026, has been waiting for a decision for over two years on her I-751 application.

25. The Plaintiff is entitled to adjudication of the matter.

26. 28 U.S.C. §1361 states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

27. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

28. That USCIS has not acted in a reasonably timely manner.

29. The Plaintiff has had to deal with the unknown future for years to this point, and possibly several more years if USCIS is not compelled to act on this application.

30. That the Defendant's delay has caused Plaintiff an unreasonable amount of stress, delay, and hardship as well as expense from this uncertain future.

31. Plaintiff has a newborn U.S. Citizen daughter and the hardship from such delay is detrimental to her U.S. Citizen family.

32. A Plaintiff filing a mandamus complaint must demonstrate that: (1) she has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. U.S.*, 34 F. 3d 507, 513 (7th Cir. 1994); *Iddir v. INS*, 301 F. 3d 492, 499 (7th Cir. 2002).

33. The Plaintiff meets all of the three requirements.

34. The Plaintiff is entitled to adjudication and obtain a fair and timely decision on his case.

35. The Defendant, USCIS, is the only agency who has the requisite authority to adjudicate such applications for legal permanent residency.

36. Finally, other than a decision by USCIS, there is no other way possible to resolve their immigration status in the United States since USCIS is the only agency with authority to act on behalf of the United States and make determinations regarding I-751 applications.

37. Defendant's delay is without justification. No explanation has been given for the nature of the delay.

WHEREFORE, the PLAINTIFF, by and through their attorney, prays for the following relief:

A. Compel the Defendant, USCIS, and those acting under them or within their scope of duties at USCIS to take all appropriate action to adjudicate the Plaintiff's I-751 application without further delay;

B. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

C. Grant such other and further relief as this Court deems proper.

Respectfully Submitted

/s/ *Alexander Michael*
_____

Alexander Michael
Law Office of Alexander Michael
111 W Jackson Blvd
Suite 1700
Chicago, IL 60604
773-732-1896
AMICHAELLAW1@GMAIL.COM